# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3257

_____

Leona Van Dusseldorp

*Plaintiff - Appellant*

v.

Continental Casualty Company, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: October 17, 2019
Filed: March 10, 2020

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

LOKEN, Circuit Judge.

Leona Van Dusseldorp purchased a Qualified Long Term Care insurance policy from Continental Casualty Company in February 2002 (the "Policy"). In November 2014, diagnosed with "early Alzheimer dementia," Van Dusseldorp moved into Tender Loving Care Independent Living ("TLC"), a registered residential living center in Platte, South Dakota, and filed a claim for "Facility Benefits" under the Policy. Continental denied the claim because TLC was not a covered provider of

Facility Benefits services. Van Dusseldorp commenced this diversity action against Continental and its third party claims administrator, Long Term Care Group, Inc., seeking damages for breach of contract, bad faith, and misrepresentation, and declaratory relief. Agreeing that TLC was not a covered provider, the district court[1] granted summary judgment dismissing all claims. Van Dusseldorp appeals. Applying South Dakota law, which considers the interpretation of the Policy a question of law to be reviewed *de novo*, we affirm. Grovenburg v. Homestead Ins. Co., 183 F.3d 883, 885 (8th Cir. 1999) (standard of review).

The Policy's Facility Benefits provide up to $100 per day for "Qualified Long Term Care" received by an insured who is "Chronically Ill" at either a "Long Term Care Facility" or an "Assisted Living Center." Defendants concede for purposes of this appeal that Van Dusseldorp was chronically ill and received what would have been Qualified Long Term Care if TLC was a covered provider.[2] It is undisputed TLC was not a Long Term Care Facility. Thus, the issue on appeal is whether TLC fell within the Policy's definition of an Assisted Living Center:

> Any institution, rest home, boarding home, place, building or agency which is maintained and operated to provide personal care and services which meet some need beyond basic provision of food, shelter, and laundry to five or more persons in a free-standing, physically separate facility which is not otherwise required to be licensed under Chapter 34-12 of South Dakota statutes.

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, upholding the report and recommendations of the Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota.

[2]In March 2017, Van Dusseldorp moved to a licensed South Dakota Assisted Living Center and has since received Facility Benefits for Qualified Long Term Care provided by that facility.

Policy provisions should be "read and understood according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation." Prokop v. North Star Mut. Ins. Co., 457 N.W.2d 862, 864 (S.D. 1990) (quotation omitted).

An "assisted living center" (ALC) is a type of institution regulated under Chapter 34-12 of the South Dakota Codified Laws. The statute defines ALC as:

> any institution, rest home, boarding home, place, building, or agency which is maintained and operated to provide personal care and services which meet some need beyond basic provision of food, shelter, and laundry.

S.D.C.L. § 34-12-1.1(2). When the Policy took effect in 2002, its above-quoted definition of ALC was virtually identical to the statutory definition in § 34-12-1.1(2) (1997) then in effect. The Legislature amended the statute in 2009 to delete "in a free standing, physically separate facility which is not otherwise required to be licensed under this Chapter" (such as other types of "health care facilities"). See 2009 S.D. Sess. Laws, ch. 163, § 1.

An ALC is a "health care facility" that must obtain a license from the South Dakota Department of Health to provide hospitalization or care. S.D.C.L. §§ 34-12-1.1(4), 34-12-2. TLC is not an ALC or a "health care facility" and therefore is not licensed by the Department of Health. Rather, TLC is a "business [ ] operating a home or facility for the purpose of providing residential services" to elderly or disabled persons; it need only register with the Department of Health. S.D.C.L. § 34-12-32. That statute defines "residential services" to mean "room, meals, and daily living services, but not habilitative or health care." The Department of Health has registered TLC as a "Residential Living Center" (RLC) under Article 44:23 of the South Dakota Administrative Rules. This Article "does not apply to health care

facilities," and a registered RLC "may not be approved as an assisted living center." S.D. Admin. R. 44:23:01:02, 44:23:01:04. Unlike an ALC, a RLC "may not offer health care or habilitative care to persons of any age." S.D. Admin. R. 44:23:01:05.

The Department of Labor and Regulation's rules provide that an insurer providing "long-term care coverage to any person in this state must include benefits for [ALCs] . . . in daily amounts not less than half of the daily benefit for nursing facilities." S.D. Admin. R. 20:06:21:51 (effective Oct. 20, 1996). Consistent with this mandate, the Policy provides Facility Benefits for qualified long term care provided to a chronically ill insured at an "Assisted Living Center." The district court concluded that TLC does not fall within the Policy's definition of ALC for two reasons: First, TLC is not an ALC under South Dakota law, and "Continental consciously incorporated South Dakota law in drafting the policy's definition of Assisted Living Center, making it necessary to review the policy in light of South Dakota law on Assisted Living Centers." Second, the Policy "requires Assisted Living Centers to offer habilitative care, such as assisting with activities of daily living," and "TLC cannot qualify as an Assisted Living Center under the policy without violating South Dakota law." We agree.

1. The Policy closely tracks the statutory definition of ALC. Under South Dakota law, when "review[ing] an insurance policy provision in light of statutory law, the court treats the statute as if it were actually written into the policy," construing the terms of the policy "in light of the purposes and intent of the applicable statute." State Farm Mut. Auto. Ins. Co. v. Vostad, 520 N.W.2d 273, 275-76 (S.D. 1994) (quotation omitted). Administrative rules and regulations "are binding as if they were statutes enacted by the legislature." Reid v. Huron Bd. of Educ., Huron Sch. Dist. No. 2-2, 449 N.W.2d 240, 243 (S.D. 1989) (quotation omitted).

Van Dusseldorp argues it was error to read South Dakota law into the Policy when the plain meaning of the Policy's ALC definition -- "personal care and services

-4-

which meet some need beyond basic provision of food, shelter, and laundry" -- include the services TLC provided Van Dusseldorp under her Plan of Care. We certainly agree that an insurance policy may provide coverage beyond the minimum required by state law. But the question is whether the Policy definition reflects an intent to incorporate the statutory coverage. Here, South Dakota law required Continental as a long term care insurer to "include benefits for [ALCs]" in a required daily minimum amount for "personal care and services which meet some need beyond basic provision of food, shelter, and laundry. S.D.C.L. § 34-12-1.1(2). We agree with the district court that the Policy definition reflects an intent to limit its more generous Facility Benefits for costly services that may include habilitative care to providers that are authorized by South Dakota to provide them. The Policy excluded TLC because TLC was not an ALC under South Dakota law (as its owner admitted).

2. The South Dakota Department of Health specifies the "personal care and services which meet some need beyond basic provision of food, shelter, and laundry" that an ALC must provide. See S.D. Admin. R. 20:06:21:50. By contrast, registered RLCs are limited to providing "residential services" -- "room, meals, and daily living services, but not habilitative or health care." S.D.C.L. § 34-12-32; see S.D. Admin. R. 44:23:01:05. TLC could legally provide the services called for in Van Dusseldorp's specific Care Plan, but not all the services that South Dakota authorizes an ALC to provide. For example, an ALC is "authorized to *administer* medication to patients on the order of a doctor." S.D. Admin. R. 20:06:21:50(5) (emphasis added). TLC as a registered RLC could not administer Van Dusseldorp's medications; that would be "health care" precluded by S.D.C.L. § 34-12-32. The Plan of Care was limited to cueing Van Dusseldorp to take her own medication. Thus, TLC cannot meet the Policy's definition of an ALC. See Gillogly v. Gen. Elec. Capital Assur. Co., 430 F.3d 1284, 1290-92 (10th Cir. 2005) (statute barring a "residential care home" from providing nursing care meant it could not qualify as a "nursing home" under the long term care policy at issue).

3.    Finally, Van Dusseldorp argues the district court erred in granting defendants summary judgment because the Policy also provided a reduced "Home and Community-Based Care Benefit" for Qualified Long Term Care provided by a qualified provider, and Continental failed to consider whether TLC was a qualified "Home" provider, defined to include a "place which provides residential care."  Van Dusseldorp first raised this issue on page 39 of her Objections to the Magistrate's Report & Recommendation. The district court overruled this objection because it was not presented to the magistrate judge.  We agree the issue was therefore forfeited.  In addition, Van Dusseldorp's claim for benefits submitted to Continental is not in the record on appeal.  The exchange of correspondence with Continental that followed, the complaint against Continental filed on Van Dusseldorp's behalf with the South Dakota Department of Labor and Regulation, and the Complaint filed in this action were all limited to whether TLC was an ALC and therefore Van Dusseldorp was entitled to *Facility Benefits*.  No claim was made for "Home and Community-Based Care Benefit," and no record was made that Continental should have considered such a claim.  Thus, the argument is without merit.

Because TLC was not an ALC, the district court properly granted Defendants summary judgment on the breach of contract and declaratory judgment claims for wrongful denial of Facility Benefits. Van Dusseldorp's Reply Brief conceded that her bad faith and misrepresentation claims "are contingent on the contract claims." Accordingly, the judgment of the district court is affirmed.

_____